UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN COFFEY <br> c/o his attorneys Tittle & Perlmuter <br> 2012 West 25th Street, Ste. 716 <br> Cleveland, Ohio 44113 <br><br> On behalf of himself and all others similarly situated, <br><br>    Plaintiff, <br>  v. <br><br> BUCKEYE SHAKER SQUARE DEVELOPMENT CORPORATION <br> 11802 Buckeye Road <br> Cleveland, Ohio 44120 <br><br>  c/o Its Statutory Agent <br>  David B. Bailey <br>  13610 Shaker Blvd. 603 <br>  Cleveland, Ohio 44120 <br><br> —and— <br><br> JOHN HOPKINS <br> c/o Buckeye Shaker Square Development Corporation <br> c/o Its Statutory Agent <br> David B. Bailey <br> 13610 Shaker Boulevard <br> Suite 603 <br> Cleveland, OH 44120 <br><br> —and— <br><br> GARNELL JAMISON <br> c/o Buckeye Shaker Square Development Corporation <br> c/o its Statutory Agent <br> David B. Bailey | CASE NO. <br><br> JUDGE <br><br> Magistrate Judge <br><br><br> **PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW** |

| | |
|---|---|
| 13610 Shaker Boulevard | ) |
| Suite 603 | ) |
| Cleveland, OH 44120 | ) |
| | ) |
| —and— | ) |
| | ) |
| KENNETH L. JOHNSON | ) |
| c/o Buckeye Shaker Square | ) |
| Development Corporation | ) |
| c/o its Statutory Agent | ) |
| David B. Bailey | ) |
| 13610 Shaker Boulevard | ) |
| Suite 603 | ) |
| Cleveland, OH 44120 | ) |
| | ) |
| Defendants. | ) |

Plaintiff Brian Coffey, through counsel, respectfully files this Class and Collective Action Complaint against Defendants Buckeye Shaker Square Development Corporation, John Hopkins, Garnell Jamison, and Kenneth L. Johnson (sometimes collectively referred to as "Defendants").

## INTRODUCTION

1. This case seeks to rectify and remedy Defendants' failure to pay promised wages to the hourly employees they engaged to perform grass-cutting, cleanup work, and other manual tasks. Regarding these unpaid wages, Plaintiff asserts that Defendants willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Constitution art. II, § 34a, and common law. Plaintiff also asserts claims under the Ohio Fraudulent Transfer Act, Ohio Rev. Code Ann. § 1336.01, et seq., alleging that Defendants unlawfully transferred Buckeye Shaker Square Development

2

Corporation's assets to themselves as well as to other persons and entities (sometimes collectively called "Transferee Parties") over which Defendants had effective control.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Brian Coffey was a citizen of the United States and a resident of Cuyahoga County, Ohio.

8. Defendant Buckeye Shaker Square Development Corporation ("BSSDC") is an Ohio corporation doing business in Cleveland, Ohio. BSSDC's principal office is at 11802 Buckeye Road, Cleveland, Ohio 44120. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is David B. Bailey, 13610 Shaker Blvd. 603, Cleveland, Ohio 44120.

9. Defendants John Hopkins, Garnell Jamison, and Kenneth L. Johnson are principal owners, officers, and/or managers of Defendant BSSDC.

## FACTUAL ALLEGATIONS

### Defendants' Business

10. Founded in 1970 as a community development organization with a focus on rectifying commercial neglect on Buckeye Road, BSSDC claims in its website that "BSSDC is a community development organization dedicated to growing the Buckeye Shaker area workforce, preserving our housing stock, making our streets safe, promoting healthy living and engaging our youth."

11. It provides, or purports to provide, those services through such measures as:

(a) the provision of low-interest construction loans to local businesses and homeowners;

4

(b) the acquisition, rehabilitation, and sale of commercial and residential real estate;

(c) property maintenance and upkeep for the purpose of construction and re-construction;

(d) the provision of operational loans for business-to-business service companies; and

(e) the provision of home weatherization services to income-eligible households.

12. For many years, BSSDC achieved its community development mission with some success. Its efforts facilitated such development as the renovation of blighted homes throughout Cleveland's Buckeye Road area, as well as the repurposing of the defunct St. Luke's Hospital.

13. Recently, however, BSSDC's community development activities have dwindled. In the 2010s, BSSDC's functions consisted largely of grass-cutting, basic cleanup work, and other similar manual labor – ostensibly in furtherance of a redevelopment plan to place subject properties into productive use. BSSDC conducted those activities through 50-100 hourly, non-exempt employees.

14. This lawsuit challenges Defendants' failure to pay wages due and owing to those lower-wage, hourly employees it engaged to perform such services as grass-cutting, property cleanup work, and other manual tasks while simultaneously lining the pockets of the individual Defendants and insiders of BSSDC.

### Plaintiff, the Potential Opt-Ins and Class Members

15. The employees that Defendants failed to pay include Plaintiff Brian Coffey, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class.

16. Plaintiff Coffey worked for BSSDC as an hourly, non-exempt employee for several years and continuing through August 2018.

17. All of the Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were hourly, non-exempt employees within the meaning of the FLSA and Ohio law.

### Defendants' Failure to Pay Employees for All Hours Worked

18. The FLSA and Ohio law required BSSDC to pay employees for all hours they were "suffer[ed] or … permit[ted] to work."  29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

19. BSSDC did not pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members for all of the hours they were suffered or permitted to work.  In fact, BSSDC failed to pay these employees at all for the hours they worked from mid-July through August 2018.

### Defendants' Failure to Pay Minimum Wages

20. The FLSA and Ohio law required BSSDC to pay employees at least the minimum wage for all hours worked.  29 U.S.C. §§ 206; Ohio Constitution art. II, § 34a.

6

21. BSSDC did not pay the minimum wage to Plaintiff, the Potential Opt-Ins, and the Ohio Class Members for the hours they worked from mid-July through August 2018.

### Defendants' Status as "Employers"

22. Defendant BSSSDC was as an "employer" of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

23. Individual Defendants John Hopkins, Garnell Jamison, and Kenneth L. Johnson were "employers" pursuant to 29 U.S.C. § 203(d) in that they were "person[s] [who] act[ed] directly or indirectly in the interest of an employer," BSSDC, "in relation to employees," including Plaintiff, the Potential Opt-Ins, and the Ohio Class Members. Defendants Hopkins, Jamison, and Johnson were principal owners, officers, or managers of BSSDC. All had operational control over significant aspects of BSSDC's operations and day-to-day functions, including compensation of employees.

24. Department of Labor regulations provide that employees may work simultaneously for two or more joint employers. 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id*. Joint employers are "responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions." *Id*.

25. BSSDC, John Hopkins, Garnell Jamison, and Kenneth L. Johnson were joint employers of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members under the FLSA and Ohio law.

26. At all times relevant, BSSDC, John Hopkins, Garnell Jamison, and Kenneth L. Johnson were an enterprise within the meaning of 29 U.S.C. § 203(r) and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Willfulness of Defendants' Violations

27. Defendants knew that their employees were entitled to the wages they had been promised as well as minimum wages under federal and state laws, or acted in reckless disregard for whether they were so entitled.

28. Defendants willfully circumvented and violated the requirements of the FLSA and Ohio law. Defendants deliberately withheld compensation from the employees for the hours they worked in July and August 2018, and Defendants knew or had full reason to know that withholding their compensation would deprive them of minimum wages for the unpaid workweeks.

### COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

31. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of: All hourly, non-exempt

8

employees of Buckeye Shaker Square Development Corporation during July or August 2018.

32. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subjected to Defendants' unlawful wage-and-hours practices, all were injured by those practices, and all have the same claims against Defendants for unpaid wages, liquidated damages, attorneys' fees, and costs.

33. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

34. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they total at least 50-100 persons. Such persons are readily identifiable through the records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of two classes of persons defined herein.

37. Plaintiff brings this case on behalf of himself and other members of a proposed Ohio Class, defined as: All hourly, non-exempt employees of Buckeye Shaker Square Development Corporation during July or August 2018.

38. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of more than fifty persons. The number of class members as well as their identities are ascertainable from records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

39. There are questions of law or fact common to the Ohio Class, including but not limited to whether Defendants paid class members for fewer than all hours worked and whether Defendants paid class members at hourly rates less than the minimum wage for some or all workweeks.

40. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

41. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

42. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
**(FLSA Minimum Wage Violations)**

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff brings this claim for violation of the FLSA's minimum wage provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached hereto.

46. The FLSA required Defendants to pay their employees at least the minimum wage for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g). *See* 29 U.S.C. § 206.

47. Defendants failed to pay minimum wages and overtime compensation to Plaintiff and the Potential Opt-Ins, in violation of the FLSA.

48. In doing so, Defendants' willfully violated the FLSA and regulations thereunder that have the force and effect of law.

49. As a result of Defendants' violations of the FLSA's minimum wage and overtime provisions, Plaintiff and the Potential Opt-Ins were injured in that they did not receive compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to unpaid compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendants, and costs of the action."

## COUNT TWO
**(Ohio Minimum Wage Violations)**

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiff brings this claim for violation of the Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution art. II, § 34a, on behalf of himself, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

52. The OMFWA, Ohio Constitution art. II, § 34a, required Defendants to pay their employees at least the minimum wage for all hours worked.

53. Defendants failed to pay minimum wages to Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members, in violation of the OMFWA. The OMFWA entitles them to "equitable and monetary relief" including "two times the amount of the back wages," as well as "the employee's costs and reasonable attorney's fees."

### COUNT THREE
### (Breach of Contract)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Defendants had a contractual obligation under Ohio common law to pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members for the hours they worked according to the pay rates and other terms and conditions regularly observed.

56. Defendants breached their contractual obligations to Plaintiff, the Potential Opt-Ins, and the Ohio Class Members by failing to pay them for work performed in July and August 2018, causing injury to them in the amount of the unpaid wages, plus interest.

### COUNT FOUR
### (Unjust Enrichment)

57. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members conferred a benefit on Defendants by working many hours for which they received no compensation.

59. Defendants knew they were receiving a benefit by retaining and utilizing Plaintiff's, the Potential Opt-Ins', and the Ohio Class Members' labor while providing no compensation.

60. Defendants obtained the benefit of Plaintiff's, the Potential Opt-Ins', and the Ohio Class Members' labor under circumstances in which it would be unjust for Defendants to do so without payment.

## COUNT FIVE
### (Fraudulent Transfer Liability)

61. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. The Ohio Fraudulent Transfer Act prohibits any transfer of assets made "with actual intent to hinder, delay, or defraud any creditor." Ohio Rev. Code Ann. § 1336.04(A)(1).

63. The Act further prohibits any transfer made "without receiving a reasonably equivalent value in exchange for the transfer," where either "the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction" or "the debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." Ohio Rev. Code Ann. § 1336.04(A)(2).

64. The Act further prohibits any transfer of assets, as to a creditor whose claim arose before the transfer, if the transferor made the transfer without receiving a

reasonably equivalent value in exchange, and the transferor was insolvent at that time or became insolvent as a result of the transfer.  Ohio Revised Code § 1336.05(A).

65. Plaintiff and other class members are "creditors" within the meaning of Ohio Rev. Code Ann. § 1336.01.  The Ohio Supreme Court has held that "[a]n individual possessing a cause of action … is a 'creditor' within the meaning of R.C. 1336.01(C) and has the right to question an alleged fraudulent conveyance."  *Stein v. Brown*, 18 Ohio St. 3d 305, 308 (1985), *cited in Prokos v. Hines*, 2014-Ohio-1415, ¶ 71 (Ohio App. 2014).  A transfer "is fraudulent as to a creditor" when the creditor's claim arose "before, or *within a reasonable time … after*, the transfer" (not to exceed four years).  R.C. 1336.04(A).

66. The Ohio Fraudulent Transfer Act nullifies "every conveyance made with actual intent to hinder, delay, or defraud a present or future creditor."  *Stein*, 18 Ohio St. 3d at 308, *cited in Walters v. Walters*, 2013-Ohio-2554, ¶ 34 (Ohio App. 2013).  Thus, the statute applies to "transfers made with the intent to defraud future creditors."  *Blood v. Nofzinger*, 162 Ohio App. 3d 545, 554 (2005).  This application of the statute is designed to cover situations in which "a debtor [makes] a fraudulent transfer in anticipation of a claim."  *Id*.

67. In recent years, Defendant Buckeye Shaker Square Development Corporation has had revenues in excess of $1,000,000 per year, and paid yearly compensation to disqualified employees – those individuals in a position to exercise control over the organization - in excess of $500,000.  Yet, beginning in July 2018 and continuing thereafter, BSSDC has had insufficient funds to pay (or otherwise refused to pay) its employees whose hourly wages are at or near Ohio's requisite minimum wage.

68. Assets of BSSDC have been transferred in substantial amounts to Transferee Parties related to BSSDC. The Transferee Parties include John Hopkins, Garnell Jamison, and/or Kenneth L. Johnson to whom BSSDC paid transfers include exorbitant salaries disproportionate to the services they rendered. BSSDC assets were also transferred in substantial amounts to other persons and entities over which Defendants had effective control.

69. The transfers of BSSDC assets by and to Defendants were "transfers" of "assets" within the meaning of Ohio Rev. Code Ann. § 1336.01.

70. The transfers of BSSDC assets violated Ohio Rev. Code Ann. § 1336.04. The transfers were made with the actual intent to hinder, delay, or defraud BSSDC's creditors, and rendered BSSDC unable to pay the obligations Defendants knew were being incurred to BSSDC's hourly employees. BSSDC made the transfers without receiving a reasonably equivalent value in exchange. When the transfers were made, BSSDC and Defendants Hopkins, Jamison, and/or Johnson were engaged in a business or transaction, or were about to engage in a business or transaction, for which the remaining assets were unreasonably small in relation to the business or transaction, and said Defendants intended to incur, or reasonably should have believed they would incur, debts beyond BSSDC's ability to pay as they became due.

71. The Transferee Parties were "insiders" within the meaning of Ohio Rev. Code Ann. § 1336.01.

72. The transfers of BSSDC assets further violated Ohio Rev. Code Ann. § 1336.05. One or more of their transfers were made after obligations to Plaintiff and

other class members arose. Such transfers were made without receiving a reasonably equivalent value in exchange. When the claims of Plaintiff and other class members are taken into account, BSSDC was insolvent at the time of the transfers, or became insolvent as a result of the transfers.

73. The Ohio Fraudulent Transfer Act authorizes the Court to set aside the transfers, attach the transferred assets and other property of the transferees, enjoin Defendants from further transfers, appoint a receiver to take charge of the transferred assets and other property of the transferees, and award "any other relief that the circumstances may require." Ohio Rev. Code Ann. § 1336.07.

74. The Act further authorizes the Court to award compensatory damages and attorneys' fees to Plaintiff and other class members, as well as punitive damages to deter Defendants and others from such unlawful conduct. Ohio Rev. Code Ann. § 1336.07(A)(3). *See, e.g.*, *Renbolt v. Kern*, 2013-Ohio-1359, 2013 WL 1390607 (Ohio App. Apr. 5, 2013) (§ 1336.07 "provides not only for the setting aside of a fraudulent transfer" but also "any other relief that the circumstances may require," including "punitive damages and attorney fees"); *Individual Bus. Servs. v. Carmack*. 2013-Ohio-4819 (Ohio App. Nov. 1, 2013) (quoting *Aristocrat Lakewood Nursing Home v. Mayne*, 133 Ohio App. 3d 651, 729 N.E.2d 768 (8th Dist. 1999) ("the amount of recovery in a fraudulent transaction case is not always limited by the amount of the fraudulent transaction")).

## COUNT SIX
**(Civil Conspiracy to Commit Fraudulent Transfers)**

75. Plaintiff incorporates the paragraphs above as if fully re-written herein.

76. BSSDC and Defendants Hopkins, Jamison, and/or Johnson planned and arranged to transfer assets of BSSDC to themselves and other Transferee Parties, and effectuated the transfers in furtherance of their plan.

77. As a direct and proximate result of the aforementioned conspiracy to commit fraudulent transfers, Plaintiff and other class members have suffered damages including but not limited to unpaid wages and interest.

## COUNT SEVEN
### (Declaratory Relief)

78. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

79. Under Ohio Revised Code § 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

80. Pursuant to Ohio Revised Code Sections 2721.01 to 2721.15, a justiciable controversy exists between Plaintiff and Defendants.

81. A declaratory judgment will aid in determining the rights and obligations of the parties.

82. As a part of the Court's final judgment in this action, Plaintiff requests a declaration that:

   (a) Assets of BSSDC were transferred to Transferee Parties;

   (b) The transfers violated provisions of the Ohio Fraudulent Transfer Act, Ohio Rev. Code Ann. § 1336.01, et seq.;

   (c) The transfers were made with the actual intent to hinder, delay, or defraud their creditors, and rendered BSSDC unable to pay

        the obligations Defendants knew were being incurred to BSSDC's hourly employees;

(d)     The transfers were made with ill will toward the hourly employees, or with conscious disregard for their rights that had a great probability of causing substantial harm; and

(e)     The transfers should be set aside for the payment of Plaintiff's and other class members' claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.     Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D.     Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E.     Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

                                                      Respectfully submitted,

                                                      s/ Scott D. Perlmuter
                                                      Scott D. Perlmutter (0082856)
                                                      2012 West 25th Street, Suite 716
                                                      Cleveland, OH  44113
                                                      Phone: 216-308-1522
                                                      Fax: 888-604-9299
                                                      scott@tittlelawfirm.com

                                            s/ Thomas A. Downie
                                            Thomas A. Downie (0033119)
                                            46 Chagrin Falls Plaza #104
                                            Chagrin Falls, Ohio 44022
                                            440-973-9000
                                            tom@chagrinlaw.com

                                            Attorneys for Plaintiff

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                            s/ Scott D. Perlmuter
                                            Scott D. Perlmuter (0082856)