UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN COFFEY<br>On behalf of himself and all others<br>similarly situated,<br><br>    Plaintiff,<br> v.<br><br>BUCKEYE SHAKER SQUARE<br>DEVELOPMENT CORPORATION,<br>et al.<br>    Defendants. | CASE NO. 1:18-cv-02675<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF DEFAULT JUDGMENT (AND IN OPPOSITION TO DEFENDANTS JOHNSON AND JAMISON'S MOTION FOR LEAVE)** |

Defendants Johnson and Jamison have appeared belatedly in this action and filed two submissions seeking to excuse their default. *See* Defendants Kenneth L. Johnson and Garnell Jamison's Motion for Leave to File Answer Instanter (ECF #20); Defendants Kenneth L. Johnson and Garnell Jamison's Response in Opposition to Plaintiff's Motion for Default Judgment (ECF #21).

These eleventh-hour submissions by Defendants Johnson and Jamison are demonstrably false and do not establish a bona fide basis for relieving them of their default. Thus, their motion for leave should be denied and default judgment should be entered against both of them.

At a minimum, the Court should schedule a hearing at which the factual assertions of these defendants can be examined. Such a hearing would also provide them an opportunity to determine whether they wish to contribute to, and be included in, the class settlement currently pending the Court's approval.

### A. Default Judgment, While Not Automatic, Is Properly Entered Under the Circumstances Presented Here

Default is a "harsh sanction," and the entry of judgment against a defaulting defendant is not automatic. *United Coin Meter v. Seaboard Coastline RR*, 705 F. 2d 839, 846 (6th Cir. 1983). Under Rule 55(c), the Court "may set aside an entry of default for good cause." Three factors govern whether a defendant should be relieved of default under this rule:

1. Whether the plaintiff will be prejudiced;

2. Whether the defendant has a meritorious defense; and

3. Whether culpable conduct of the defendant led to the default.

*United Coin Meter v. Seaboard Coastline RR*, 705 F.2d 839, 845 (6th Cir. 1983) (quoting *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982) and citing *Rooks v. American Brass Co.*, 263 F.2d 166, 168 (6th Cir. 1959) (per curiam)).

Since a defendant in default must make a bona fide showing, judgment can and should be entered when a defendant's ostensible excuses for failing to appear are patently false or unsupported. *See, e.g.*, *Broadcast Music, Inc. v. J & S Entertainment, Inc.*, 2015 U.S. Dist. LEXIS 49643 (N.D. Ohio Apr. 15, 2015); *Gulfport Energy Corp. v. Sayre*, 2015 U.S. Dist. LEXIS 146921 (S.D. Ohio Oct. 29, 2015); *Wright v. MacConnell*, 2017 U.S. Dist. LEXIS 61129 (S.D. Ohio Apr. 21, 2017).

### B. Defendants Johnson and Jamison's Assertions Are Demonstrably False and Conclusory

Defendants Johnson and Jamison make absolutely no attempt to establish that they have a "meritorious defense." *United Coin Meter*, 705 F.2d at 845. They simply invoke

the "public policy that case should be decided on their merits." Response in Opposition (ECF #21) at 2. But there is also a "public policy favoring finality of judgments and termination of litigation." *Broadcast Music, Inc. v. J & S Entertainment, Inc.*, 2015 U.S. Dist. LEXIS 49643, at *7 (N.D. Ohio Apr. 15, 2015) (quoting *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F. 2d 290, 292 (6th Cir. 1992)). No policy is furthered by allowing a defendant to delay judgment merely for the sake of delay.

The ostensible reasons given by Defendants Johnson and Jamison for failing to file a timely answer are patently false. They say they "did not receive service of Plaintiff's Complaint, and were unaware of this action against them until it was already too late to file their Answer." Response in Opposition (ECF #21) at 2. But both statements are demonstrably untrue.

Defendants Johnson and Jamison were served. *See* Docket (attached); Returns of Certified Mail Service Unclaimed (ECF #11); Service on Defendant Jamison by Ordinary Mail (ECF #13); Service on Defendant Johnson by Ordinary Mail (ECF #14). The address at which Johnson was served is a property owned by him. *See* Cuyahoga County "MyPlace" Record, attached hereto at Exhibit 1. Jamison was recently served at the address listed as his residence on the Cuyahoga County criminal docket. *See* Case Information for State v. Garnell Jamison, CR-17-616645-A, attached hereto at Exhibit 2.

It is simply not true that they "were unaware of this action against them until it was already too late to file their Answer." They claim in their motion for leave that they "did not become aware of this action until they were served with Plaintiff's Motion for Default Judgment, which was filed on June 19, 2019." Motion for Leave (ECF #20) at 2. Yet a

3

November 2018 article reported that Johnson had been interviewed about the filing of this lawsuit and said that "the city is going to pay $42,000 as soon as this week to reimburse the workers." Article posted on November 19, 2018, attached hereto at Exhibit 3. *See also* Article posted on June 13, 2019, attached hereto at Exhibit 4 (stating that "Jamison hung up on a Cleveland.com reporter when asked about the settlement").

This case is similar to the situation presented in *Broadcast Music, Inc. v. J & S Entertainment, Inc.*, 2015 U.S. Dist. LEXIS 49643 (N.D. Ohio Apr. 15, 2015). There, conversations with the plaintiffs' attorney established that the defendants knew about the lawsuit long before they claimed. Judge Katz rejected the defendants' false assertions and entered judgment.

> Plaintiffs have submitted evidence establishing that Defendant Lyons engaged in conversations with Plaintiffs' attorney as early as September 9, 2014, regarding this action. (Doc. No. 19-1). Although Defendants' counsel may not have received notice of the lawsuit until February 9, 2015, this does not excuse the fact that the time to file an answer is long overdue. Therefore, Defendants' motions to file their extremely late answer is denied.

*Broadcast Music, Inc. v. J & S Entertainment, Inc.*, 2015 U.S. Dist. LEXIS 49643, at **3-4. *See also Gulfport Energy Corp. v. Sayre*, 2015 U.S. Dist. LEXIS 146921, at *9 (S.D. Ohio Oct. 29, 2015) (holding that "to accept Sayre's arguments would effectively read the word 'excusable' out of Rule 60(b)(1))").

### C. Conclusion

The Court is not obliged to accept false statements and conclusory assertions as a basis for avoiding default. The Court should deny leave to Defendants Johnson and Jamison and grant Plaintiff's motion for default judgment.

4

Respectfully submitted,

s/ Scott D. Perlmutter
Scott D. Perlmutter (0082856)
2012 West 25th Street, Suite 716
Cleveland, OH 44113
216-308-1522
Fax: 888-604-9299
tittle@tittlelawfirm.com

s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Attorneys for Plaintiff

PROOF OF SERVICE

I certify that on this July 10, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

s/ Scott D. Perlmutter
Scott D. Perlmutter (0082856)