# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRIAN COFFEY | ) CASE NO. 1:18cv02675 |
| *Plaintiff,* | ) |
| | ) JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) |
| | ) **DEFENDANTS KENNETH L.** |
| BUCKEYE SHAKER SQUARE | ) **JOHNSON AND GARNELL** |
| DEVELOPMENT CORPORATION, *et al.* | ) **JAMISON'S RENEWED MOTION FOR** |
| | ) **LEAVE TO FILE ANSWER,** |
| | ) **INSTANTER WITH SUPPORTING** |
| *Defendants.* | ) **AFFIDAVITS ATTACHED** |

**NOW COME** Defendants Kenneth L. Johnson and Garnell Jamison, by and through their legal counsel, Forbes, Fields & Associates Co., L.P.A., and hereby move this Honorable Court, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, to allow said Defendants to file their Answer, Instanter, a copy of which is attached hereto as Exhibit "A". Rule 6(b) states in pertinent part:

> (b) Extending Time
>
> When an act may or must be done within a specified time, the court may, for good cause, extend the time…(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Defendants Kenneth L. Johnson and Garnell Jamison are seeking Leave to File Answer Instanter, in conformity with this Court's August 1, 2019 Order, which stated *inter alia* "Should Defendants re-file their Motion for Leave, the Court requires each Defendant to submit an affidavit in support which demonstrates excusable neglect as provided in Fed. R. Civ. P. 6(b)."

In determining whether neglect to timely answer a Complaint was excusable or inexcusable, the Supreme Court of the United States has laid out a four factor balancing test. These factors are: (1) Whether the delay in filing was within the reasonable control of the movant; (2) The length of the delay and the delay's potential impact on judicial proceedings; (3) The danger of prejudice to the non-moving party; and (4) Whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992).

The affidavits of both Kenneth Johnson and Garnell Jamison clearly demonstrate that this Court should grant Defendants Kenneth L. Johnson and Garnell Jamison's Renewed Motion for Leave to File Answer Instanter With Supporting Affidavits Attached. The facts, and circumstances, as contained in such affidavits, balance in favor of accepting each such Defendant's Answer.

Defendant Kenneth L. Johnson has presented evidence that he still has never been served with the Complaint, and actually only became aware that he was a Defendant when he received the Motion for Default Judgment in the mail, during the last week of June, 2019 (See Affidavit of Kenneth Johnson, Paragraphs 2, 3, and 12 attached hereto as Exhibit "B". (Subsequent references to this Affidavit are cited as "Johnson Affidavit, Paragraph _____").

Mr. Johnson resides at a home which has an address on Hampton Road, in Cleveland, Ohio, although the front door and mailbox are located on Ripley Avenue. As a result, his mail is often undelivered to his home (Johnson Affidavit, Paragraphs 14-16).

Mr. Johnson received a copy of the Motion for Default Judgment, which was filed on June 19, 2019, sometime during the last week of June, 2019. He was in his yard when the

mailman came by, and thus received the correspondence by seeing the mailman (Johnson Affidavit, Paragraphs 17-18).

When Mr. Johnson received the Motion, he became aware **for the very first time,** that he was a named Defendant in this action. He immediately contacted George L. Forbes, Esq., at Forbes, Fields & Associates Co., L.P.A. to represent him in this matter. Responses to the Motion for Default Judgment, and seeking Leave to File Answer Instanter, were quickly submitted to the Court, just a few days later (Johnson Affidavit, Paragraphs 19-22).

Further, Defendant Kenneth Johnson has meritorious defenses to this case. He has evidence that all purported class members have received their full wages, (Johnson Affidavit, Paragraphs 23, 24, 30), having been informed by Defendant John Hopkins, that the Cleveland Community Development Department released the funds to Buckeye Shaker Square Development Corporation, to pay all the wages to the class members approximately two days after this lawsuit was filed (Johnson Affidavit, Paragraph 30).

Defendant Kenneth L. Johnson's only association with the Buckeye Shaker Square Development Corporation is that he is the Cleveland City Councilman for that area. He was not the employer of any purported class member, nor was he a board member or manager for the agency. Finally, Cleveland City Council, in its legislative capacity, and not Kenneth Johnson, in any individual capacity, agreed to fund Buckeye Shaker Square Development Corporation (Johnson Affidavit, Paragraphs 25-30).

Defendant Garnell Jamison is also presenting similar evidence to Kenneth L. Johnson, which also demonstrates excusable neglect, thus allowing Defendant Jamison to file his Answer Instanter. Defendant Jamison's affidavit demonstrates that he also never received a copy of the Complaint in the mail. In fact, Defendant Jamison never even received a copy of the Motion for

Default Judgment directed against him, which was delivered to Defendant Johnson instead, (See Affidavit of Garnell Jamison, Paragraph 2,3,12 and 13, attached hereto as Exhibit C. (Subsequent references to this Affidavit are cited as "Jamison Affidavit, Paragraph _____)".

Defendant Jamison never received the Motion for Default Judgment in the mail at his house. Instead, he was informed of the Motion by a telephone call from Defendant Kenneth L. Johnson, when the Motion was delivered to Mr. Johnson (Jamison Affidavit, Paragraph 16-18).

This was also **the very first time** that Garnell Jamison became aware that he was a named Defendant in this action. Along with Defendant Johnson, he immediately contacted George L. Forbes, Esq. at Forbes, Fields & Associates Co., L.P.A., to represent him in this matter, and the responses to the Motion for Default Judgment, and seeking Leave to File Answer Instanter, were expeditiously submitted to the Court just a few days later (Jamison Affidavit, Paragraphs 17, 19, 20, 21).

Further, Defendant Garnell Jamison also has meritorious defenses to this case. He also has evidence that all purported class members have received their full wages (Jamison Affidavit, Paragraphs 23, 27), having been informed by Defendant John Hopkins, that the Cleveland Community Development Department released the funds to Buckeye Shaker Square Development Corporation, to pay all the wages to the class members, approximately two days after this lawsuit was filed (Jamison Affidavit, Paragraph 27).

Mr. Jamison was an employee of Buckeye Shaker Square Development Corporation. He was not the employer of any purported class member, nor was he a board member or manager for the agency (Jamison Affidavit, Paragraphs 24-26).

The delay in filing the Answer was not within the reasonable control of Defendants Johnson and Jamison, Neither of them have ever actually been served with Plaintiff's Complaint. Defendants Johnson and Jamison did not become aware of this action until Defendant Johnson was served with Plaintiff's Motion for Default Judgment, which was filed on June 19, 2019. (Johnson Affidavit Paragraphs 2,3,12,17,18; Jamison Affidavit Paragraphs 2,3,12,13,16-18). Further, any purported delay will not impact judicial proceedings, as the potential class has not yet been approved by this Court, and this Court has not yet heard any of the legitimate defenses which will be asserted by Defendants Johnson and Jamison. Thus, Plaintiff will not be prejudiced if Defendants are allowed to file their Answer Instanter.

In contrast, Defendants Johnson and Jamison, who did not receive service of the Plaintiff's Complaint, will be extremely prejudiced if they are not allowed to file their Answer, Instanter. It would be unjust to allow this action to be decided on a procedural technicality, rather than on the merits. *See i.e. U.S. v. $22,500.00 U.S. Currency*, 595 F.3rd 318, 322 (6th Cir., 2010), *Rodriguez v. Village Green Realty, LLC,* 788 F. 3d 31, 47 (2nd Cir. 2015).

Defendants Johnson and Jamison have acted in good faith, because they were not aware of the filing of Plaintiff's Complaint, through no fault of their own, until they became aware, at the end of June, 2019, of a Motion for Default Judgment filed against them. Thus, the delay in filing their Answer was not within the reasonable control of the Movants, and the first factor cited in *Pioneer Investment Services Co., supra*, must be decided in favor of Defendants Johnson and Jamison.

Once Johnson and Jamison became aware of the Complaint, and the Motion for Default Judgment, the original Motion to File Answer Instanter was promptly filed. Thus, the second

factor cited in *Pioneer Investment Services Co., supra,* the length of delay, must also be decided in favor of Johnson and Jamison.

There is no prejudice to the non-moving party by allowing Johnson and Jamison's Answer to be filed. Said Defendants have meritorious defenses to this matter, and will present evidence that the purported class members have already been paid. Further, they will present evidence that they were not the supervisors for these purported class members, do not manage Buckeye Shaker Square Development Corporation, and would not be responsible for their salaries in any circumstance. Thus, factors three and four of *Pioneer Investment Services Co, supra,* must also be decided in favor of allowing Johnson and Jamison to file their Answer.

All four factors of the balancing test laid out by the Supreme Court of the United States in *Pioneer Investment Services Co. v. Brunswick Associates, Ltd Partnership,* 507 U.S. 380, 395 (1992) weigh in favor of granting Defendants Johnson and Jamison's Motion for Leave to File Answer Instanter. Thus, their Answer should be accepted by this Honorable Court, so that this case can be decided on the merits.

**WHEREFORE**, for all the foregoing reasons, Defendants Kenneth L. Johnson and Garnell Jamison, pray that their Renewed Motion for Leave to File Answer Instanter With Supporting Affidavits Attached, be granted.

       Respectfully submitted,

       **FORBES, FIELDS & ASSOCIATES CO., L.P.A.**

       /s/ George L. Forbes
       /s/ Scott H. Schooler
       GEORGE L. FORBES #0010716
       SCOTT H. SCHOOLER #0016517
       700 Rockefeller Building
       614 West Superior Avenue
       Cleveland, Ohio 44113-1318
       O: (216) 696-7170
       F: (216) 696-8076
       sschooler@forbes-fields.com

       Counsel for Defendants
       Kenneth L. Johnson
       Garnell Jamison

# CERTIFICATE OF SERVICE

A copy of the foregoing Defendants Kenneth L. Johnson and Garnell Jamison's Motion for Leave to File Answer, Instanter was served via the Court's electronic case filing system on this 12th day of August, 2019, to the following:

1. Thomas A. Downie, Esq.
   46 Chagrin Falls Plaza, Ste. 104
   Chagrin Falls, Ohio 44022
   O: (440) 973-9000
   F: (440) 210-4610
   tom@chagrinlaw.com

   Counsel for Plaintiff
   Brian Coffey

2. Scott D. Perlmuter, Esq.
   Tittle & Perlmuter
   2012 West 25th Street, Ste. 716
   Cleveland, Ohio 44113
   O: (216) 308-1522
   F: (888) 604-9299
   scott@tittlelawfirm.com

   Counsel for Plaintiff
   Brian Coffey

3. David L. Moore, Esq.
   Buckley King – Cleveland
   1400 Fifth Third Center
   600 Superior Avenue East
   Cleveland, Ohio 44114
   O: (216) 363-1400
   F: (216) 579-1020
   moore@buckleyking.com

   Counsel for Defendants
   Buckeye Shaker Square Development Corporation
   John Hopkins

4. Elizabeth A Crosby, Esq.
   Buckley King – Cleveland
   1400 Fifth Third Center
   600 Superior Avenue East
   Cleveland, Ohio 44114
   O: (216) 685-4752
   F: (216) 579-1020
   crosby@buckleyking.com

   Counsel for Defendants
   Buckeye Shaker Square Development Corporation
   John Hopkins

5. Brent M. Buckley, Esq.
   Buckley King – Cleveland
   1400 Fifth Third Center
   600 Superior Avenue East
   Cleveland, Ohio 44114
   O: (216) 363-1400
   F: (216) 579-1020
   buckley@buckleyking.com

   Counsel for Defendants
   Buckeye Shaker Square Development Corporation
   John Hopkins

/s/ Scott H. Schooler
GEORGE L. FORBES #0010716
SCOTT H. SCHOOLER #0016517

Counsel for Defendants
Kenneth L. Johnson
Garnell Jamison