UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN COFFEY, | ) | CASE NO. 1:18CV2675 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| BUCKEYE SHAKER SQUARE | ) | |
| DEVELOPMENT CORP., et al., | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Renewed Motion (ECF DKT #25) of Defendants Kenneth L. Johnson and Garnell Jamison for Leave to File Answer. For the following reasons, the Motion is granted and Plaintiff's Motion (ECF DKT #17) for Default Judgment is denied. Defendants shall file their Answer within seven days of the issuance of this Order.

**I. BACKGROUND**

On November 18, 2018, Plaintiff Brian Coffey filed the within class and collective action alleging, in relevant part, that Defendants Kenneth L. Johnson and Garnell Jamison are liable for violations of the minimum wage and overtime pay requirements of the Fair Labor Standards Act and Ohio law, as well as breach of contract to pay wages, fraudulent transfer of the assets of Buckeye Shaker Square Development Corporation, and conspiracy to commit those fraudulent transfers.

Certified mail service was attempted on February 22, 2019. On March 25, 2019, the certified mail was returned as "unclaimed" for both Defendants. On April 15, 2019, Plaintiff

requested service by ordinary mail and the Summons and Complaint were sent out on April 16, 2019. The ordinary mail service was not returned as 'undeliverable." Defendants failed to answer, move or otherwise plead to the Complaint within the time prescribed by the Federal Rules of Civil Procedure.

Plaintiff requested an entry of default against Defendant Johnson and Defendant Jamison on June 19, 2019.

On July 3, 2019, Defendants filed their Motion for Leave to File Answer (ECF DKT #20) and an Opposition to the Motion for Default (ECF DKT #21). On August 1, 2019, the Court denied Defendants' Motion for Leave. The Court found their explanations insufficient and ordered Defendants, upon re-filing, to submit affidavits demonstrating excusable neglect.

With their instant Motion (ECF DKT #25), Defendants Johnson and Jamison each provided an affidavit in support.

Johnson states that he has never actually been served with the Complaint in this lawsuit. He only became aware that he was a named Defendant when he received a copy of the Motion for Default Judgment in the mail during the last week of June, 2019. Johnson acknowledges that the address on the Summons and Complaint of 2948 Hampton Road is correct. However, his home is at an intersection and his two front doors and mail box are on Ripley Avenue. Therefore, he states that mail is often not delivered. Further, Johnson states that he has meritorious defenses to this lawsuit: that all the class members have received their full wages; that his connection to the case is as the City of Cleveland Councilman for the ward in which Buckeye Shaker Square Development Corporation is located; that he is not an employer; and that any funding for Buckeye Shaker Square Development Corporation is

accomplished by City Council as a whole and not by any individual councilman.

For his part, Jamison states that he has never been served with the Complaint in this lawsuit. Jamison acknowledges that the address of 3246 E.140th Street is correct, and he cannot explain why he never received a copy of the Summons and Complaint. Jamison states that Defendant Johnson notified him by telephone that he himself was a named Defendant. Jamison has never received a copy of the Complaint or of the Motion for Default by ordinary mail service. Moreover, Jamison states that he has meritorious defenses to this lawsuit: that all the class members have received their full wages; that his association with Buckeye Shaker Square Development Corporation was as an employee; and that he is not an employer nor did he have any management role with Buckeye Shaker Square Development Corporation.

## II. LAW AND ANALYSIS

Pursuant to Fed.R.Civ.P. 12(a)(1)(A), a defendant must serve an answer within twenty-one days of being served with a summons and complaint unless service is waived. Under Fed.R.Civ.P. 55(a), the clerk must enter a default when a party fails to defend an action as required. However, Fed.R.Civ.P. 55(c) grants the Court the authority to set aside an entry of default for "good cause."

In *Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir.1990), the Sixth Circuit opined:

The same considerations exist when deciding whether to set aside either an entry of default or a default judgment, but they are to be applied more liberally when reviewing an entry of default. While a default judgment may be vacated only by satisfying the stricter standards applied to final, appealable orders under Fed.R.Civ.P. 60(b), an entry of default may be set aside for "good cause shown." Fed.R.Civ.P. 55(c).

"[J]udgment by default is a drastic step which should be resorted to only in the most

extreme cases." *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 845 (6th Cir.1983). "[M]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion" to set aside an entry of default judgment. *Id.* The Sixth Circuit has stated, "in general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d 318, 322 (6th Cir. 2010).

"In determining whether good cause exists, the district court must consider: '(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced.'" *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d at 324, quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). "Although '[a]ll three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d at 324, quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir.1986).

Pointing to media publications, Plaintiff argues that it stretches credulity to accept Defendants' contention that they had no knowledge of the lawsuit and their role in it. That may be, but it is not appropriate for the Court to weigh the credibility of Defendants' sworn affidavits.

Defendants have set out meritorious defenses to the wage and hour claims by asserting

that they are not employers under federal and state law; and that the class and collective's disputed wages have been paid.

Defendants say little about the fraudulent transfer claims except Johnson and Jamison recite that they have never had any management role in Buckeye Shaker Square Development Corporation.  Jamison was only an employee of the organization.  Johnson states that funding requests of Buckeye Shaker Square Development Corporation were required to be approved by City Council as a whole.

Plaintiff has not demonstrated prejudice or tangible harm, aside from delay and the inability to proceed to judgment by default.

### III. CONCLUSION

In keeping with the policy of deciding cases on their merits, the Renewed Motion (ECF DKT #25) of Defendants Kenneth L. Johnson and Garnell Jamison for Leave to File Answer is granted and Plaintiff's Motion (ECF DKT #17) for Default Judgment is denied. Defendants shall file their Answer within seven days of the issuance of this Order.

**IT IS SO ORDERED.**

**DATE: October 29, 2019**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**