# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRIAN COFFEY** | ) CASE NO.: 1:18cv02675 |
| | ) |
| **Plaintiff,** | ) JUDGE CHRISTOPHER A BOYKO |
| | ) |
| vs. | ) |
| | ) |
| **BUCKEYE SHAKER SQUARE** | ) **ANSWER OF GARNELL JAMISON AND** |
| **DEVELOPMENT  CORPORATION,** | ) **KENNETH L. JOHNSON** |
| **et.al.** | ) |
| | ) |
| **Defendants.** | |

Defendants, Garnell Jamison ("Jamison") and Kenneth L. Johnson ("Johnson") (herein referred to as the "Jamison and Johnson Defendants"), for their Joint Answer and Affirmative Defenses to the Complaint of Brian Coffey ("Complaint"), state the following:

## INTRODUCTION

1. The Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said Jamison and Johnson Defendants deny the assertion that this case is properly filed as a "collective action". Answering further, said Jamison and Johnson Defendants deny each and every remaining allegation contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said Jamison and Johnson Defendants deny the assertion that this case is properly filed as a "class action". Answering further, said answering Jamison and Johnson Defendants deny each and every remaining allegation contained in Paragraph 3 of the Complaint not specifically admitted herein.

## JURISDICTION AND VENUE

4. Said answering Jamison and Johnson Defendants admit that this Court has jurisdiction over the FLSA claims in the Complaint, but deny the each and every remaining allegation set forth in Paragraph 4 of the Complaint.

5. Said answering Jamison and Johnson Defendants admit that this Court has supplemental jurisdiction over the state law claims in the Complaint, but deny each and every remaining allegation set forth in Paragraph 5 of the Complaint.

6. Said answering Jamison and Johnson Defendants admit that venue is proper over the FLSA claims and state law claims, but deny each and every remaining allegation set forth in Paragraph 6 of the Complaint.

## PARTIES

7. Said answering Jamison and Johnson Defendants deny, for want of knowledge, the allegations and averments contained in Paragraph 7 of the Complaint.

8. In regards to Paragraph 8, of the Complaint, said Jamison and Johnson Defendants admit that Defendant Buckeye Shaker Square Development Corporation is doing business in Cleveland, Ohio, and that its principal office is at 11802 Buckeye Road, Cleveland,

Ohio 44124. Said Jamison and Johnson Defendants deny the remaining allegations and averments of Paragraph 8 for want of knowledge.

9. The Jamison and Johnson Defendants admit that Defendant John Hopkins is an officer and/or manager of Defendants Buckeye Shaker Square Development Corporation. The Jamison and Johnson Defendants deny the remaining allegations and averments of Paragraph 9 not specifically herein admitted.

## FACTUAL ALLEGATIONS

### Defendants' Business

10. In response to Paragraph 10 of the Complaint, said answering Jamison and Johnson Defendants admit that Buckeye Shaker Square Development Corporation is a community development corporation which serves the Buckeye area of Cleveland, Ohio, but deny the remaining allegations set forth in Paragraph 10 of the Complaint, for want of knowledge.

11. The Jamison and Johnson Defendants admit the allegations and averments of Paragraph 11 of the Complaint.

12. Said answering Jamison and Johnson Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13. Said answering Jamison and Johnson Defendants admit that Buckeye Shaker Square Development Corporation employed non-exempt employees, but deny each and every other allegation set forth in Paragraph 13 of the Complaint.

14. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 14 of the Complaint.

### Plaintiff, the Potential Opt-Ins and Class Members

15. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 15 of the Complaint.

16. Said answering Jamison and Johnson Defendants deny the allegations and averments of Paragraph 16 for want of knowledge.

17. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 17 of the Complaint for want of knowledge.

### Defendants' Alleged Failure to Pay Employees for All Hours Worked

18. Paragraph 18 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said Jamison and Johnson Defendants deny the allegations and averments of Paragraph 18 for want of knowledge.

19. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 19 of the Complaint

### Defendants' Alleged Failure to Pay Minimum Wages

20. Paragraph 20 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said Jamison and Johnson Defendants deny the allegations and averments of Paragraph 20 for want of knowledge.

21. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 21 of the Complaint.

### Defendants' Status as "Employers"

22. Paragraph 22 of the Complaint states legal conclusions to which no response is necessary. To the extent answer is required, said Jamison and Johnson Defendants deny the allegations and averments of Paragraph 22 for want of knowledge.

23. Paragraph 23 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said Jamison and Johnson Defendants deny the allegation and averments of Paragraph 23.

24. Paragraph 24 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said answering Jamison and Johnson Defandants deny each and every allegation set forth in Paragraph 24 of the Complaint, for want of knowledge.

25. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 25 of the Complaint.

26. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 26 of the Complaint.

### Willfulness of Defendants' Alleged Violations

27. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 27 of the Complaint.

28. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 28 of the Complaint.

## ANSWER TO COLLECTIVE ACTION ALLEGATIONS

29. In answer to Paragraph 29 of the Complaint, said answering Jamison and Johnson Defendants incorporate by reference, as if fully rewritten herein, their responses to Paragraphs 1 through 28 of the Complaint as set forth above.

30. Paragraph 30 of the complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 30 of the Complaint, as applicable to them.

31. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 31 of the Complaint as applicable to them.

32. Said answering Jamison and Johnson Defendants deny each and every allegation and averment set forth in Paragraph 32 of the Complaint.

33. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 33 of the Complaint.

34. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 34 of the Complaint.

## ANSWER TO CLASS ACTION ALLEGATIONS

35. In Answer to Paragraph 35 of the Complaint, said answering Jamison and Johnson Defendants incorporate by reference, as if fully rewritten herein, their response to Paragraphs 1 through 34 of the Complaint.

36. Paragraphs 36 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 36 of the Complaint as applicable to them.

37. Paragraph 37 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 37 of the Complaint, as applicable to them.

38. Paragraph 38 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 38 of the Complaint, as applicable to them.

39. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 39 of the Complaint.

40. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 40 of the Complaint.

41. In regards to Paragraph 41 of the Complaint, said answering Jamison and Johnson Defendants deny, for want of knowledge, whether Plaintiff's counsel has broad experience in handling class action litigation. Said answering Defendants deny the remainder of each and every other allegation and/or averment set forth in Paragraph 41 of the Complaint.

42. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 42 of the Complaint.

43. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 43 of the Complaint.

### ANSWER TO COUNT ONE
### (FLSA Minimum Wage Violations)

44. In response to Paragraph 44 of the Complaint, said answering Jamison and Johnson Defendants incorporate by reference, as if fully rewritten herein, their responses to Paragraphs 1 through 43 of the Complaint.

45. Paragraph 45 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 45 of the Complaint, as applicable to them.

47. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 47 of the Complaint.

48. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every remaining allegation and averment set forth in Paragraph 49 of the Complaint, for want of knowledge.

## ANSWER TO COUNT TWO
### (Ohio Minimum Wage Violations)

50. In response to Paragraph 50 of the Complaint, said answering Jamison and Johnson Defendants incorporate by reference, as if fully rewritten herein, their responses to Paragraphs 1 through 49 of the Complaint.

51. Paragraph 51 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 51 of the Complaint, as applicable to them.

52. Paragraph 52 of the Complaint states legal conclusions to which no response is necessary. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 52 of the Complaint, as applicable to them.

53. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 53 of the Complaint.

## ANSWER TO COUNT THREE
### (Breach of Contract)

54. In response to Paragraph 54 of the Complaint, said answering Jamison and Johnson Defendants incorporate by reference, as if full rewritten herein, their responses to Paragraph 1 through 53 of the Complaint.

55. Paragraph 55 of the Complaint states legal conclusions to which no response is required. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 55 of the Complaint.

56. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 56 of the Complaint.

## ANSWER TO COUNT FOUR
### (Unjust Enrichment)

57. In response to Paragraph 57 of the Complaint, said answering Jamison and Johnson Defendants incorporate by reference, as if fully rewritten herein, their responses to Paragraphs 1 through 56 of the Complaint.

58. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 58 of the Complaint.

59. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 59 of the Complaint.

60. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 60 of the Complaint.

## ANSWER TO COUNT FIVE
### (Fraudulent Transfer Liability)

61. In response to Paragraph 61 of the Complaint, said answering Jamison and Johnson Defendants incorporate by reference, as if fully rewritten herein, their responses to Paragraph 1 through 60 of the Complaint.

62. Paragraph 62 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 62 of the Complaint, for want of knowledge.

63. Paragraph 63 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 63 of the Complaint for want of knowledge.

64. Paragraph 64 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 64 of the Complaint for want of knowledge.

65. Paragraph 65 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 66 of the Complaint, for want of knowledge.

67. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 67 of the Complaint.

68. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 68 of the Complaint.

69. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 69 of the Complaint.

70. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 70 of the Complaint.

71. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 71 of the Complaint.

72. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 74 of the Complaint.

## ANSWER TO COUNT SIX
### (Civil Conspiracy to Commit Fraudulent Transfers)

75. In response to Paragraph 75 of the Complaint, said answering Jamison and Johnson Defendants incorporate by reference, as if fully rewritten, herein, their responses to Paragraphs 1 through 74 of the Complaint.

76. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 76 of the Complaint.

77. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 77 of the Complaint.

## ANSWER TO COUNT SEVEN
### (Declaratory Relief)

78. In response to Paragraph 78 of the Complaint, said answering Jamison and Johnson Defendants incorporate by reference, as if fully rewritten herein, their responses to Paragraphs 1 through 77 of the Complaint.

79. Paragraph 79 of the Complaint states a legal conclusion to which no response is necessary. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 79 of the Complaint, for want of knowledge.

80. Paragraph 80 of the Complaint states a legal conclusion to which no response is necessary. To the extent an answer is required, said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 80 of the Complaint.

81. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 81 of the Complaint.

82. Said answering Jamison and Johnson Defendants deny each and every allegation set forth in Paragraph 82 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Said answering Jamison and Johnson Defendants deny each and every allegation not expressly admitted in this Answer.

2. Plaintiff has failed to state a claim upon which relief can be granted and therefore this Court should dismiss the Complaint.

3. Plaintiff has failed to exhaust his/their administrative remedies and therefore this Court should dismiss the Complaint.

4. Plaintiff, and/or any purported class member, has been paid and/or received all wages due to him/them.

5. Plaintiff, and/or any purported class member, has failed, refused, and/or neglected to mitigate or avoid damages complained of in the Complaint.

6. Plaintiff's claims, and those of any purported class member, are barred, in whole or in part, by any and all relevant statues of limitations, and/or jurisdictional prerequisites.

7. Plaintiff's claims, and those of any purported class member, are barred, in whole or in part, because they request relief which exceeds that available under applicable law.

8. Collective and/or class action status is not warranted by the existing facts of this case.

9. The claims of Plaintiff and/or some or all of the purported class members, fail due to settlement, compromise, accord and satisfaction, offer, discharge of obligation, release, and/or payment.

10. This Court lacks subject matter jurisdiction concerning some or all of Plaintiffs claims.

11. Plaintiff's Complaint is barred, in whole or in part, for insufficiency of process.

12. Plaintiff's Complaint is barred, in whole or in part, for insufficiency of service of process.

13. No actions or inactions of these answering Defendants were the proximate cause of Plaintiff and/or some or all of the purported class members, alleged damages.

14. Some or all of Plaintiff's claims fail for lack of standing.

15. These answering Jamison and Johnson Defendants had no contractual relationship with Plaintiff.

16. These answering Jamison and Johnson Defendants did not breach any contract with Plaintiffs and/or any purported class member.

17. These answering Jamison and Johnson Defendants are not "employers" pursuant to state and/or federal law.

18. These answering Jamison and Johnson Defendants have at all times relevant to the allegations contained in Plaintiff's Complaint, acted in the utmost good faith in their relationship with Plaintiff.

19. These answering Jamison and Johnson Defendants owed no affirmative duty to act toward the Plaintiff.

20. Plaintiff's injuries or damages, if any, were caused by the acts, conduct and omissions of individuals other than the Jamison and Johnson Defendants.

21. Defendants Jamison and Johnson reserve the right to assert additional defenses as they become known throughout the course of discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint and asserting affirmative defenses, Defendants Garnell Jamison and Kenneth Johnson, pray that this Court will dismiss the Complaint and enter judgment in their favor and that they be granted their costs, expenses, and such other further relief as this Court deems just and equitable.

/s/ George L. Forbes
/s/ Scott H. Schooler
GEORGE L. FORBES #0010716
SCOTT H. SCHOOLER #0016517
700 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio 44113-1318
O: (216) 696-7170
F: (216) 696-8076
sschooler@forbes-fields.com

Counsel for Defendants
Kenneth L. Johnson
Garnell Jamison

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer of Garnell Jamison and Kenneth L. Johnson was served via the Court's electronic case filing system on this 29th day of October, 2019, to the following:

1. Thomas A. Downie, Esq.
   46 Chagrin Falls Plaza, Ste. 104
   Chagrin Falls, Ohio 44022
   O: (440) 973-9000
   F: (440) 210-4610
   tom@chagrinlaw.com

   Counsel for Plaintiff
   Brian Coffey

2. Scott D. Perlmuter, Esq.
   Tittle & Perlmuter
   2012 West 25th Street, Ste. 716
   Cleveland, Ohio 44113
   O: (216) 308-1522
   F: (888) 604-9299
   scott@tittlelawfirm.com

   Counsel for Plaintiff
   Brian Coffey

3. David L. Moore, Esq.
   Buckley King – Cleveland
   1400 Fifth Third Center
   600 Superior Avenue East
   Cleveland, Ohio 44114
   O: (216) 363-1400
   F: (216) 579-1020
   moore@buckleyking.com

   Counsel for Defendants
   Buckeye Shaker Square Development Corporation
   John Hopkins

4. Elizabeth A Crosby, Esq.
   Buckley King – Cleveland
   1400 Fifth Third Center
   600 Superior Avenue East
   Cleveland, Ohio 44114
   O: (216) 685-4752
   F: (216) 579-1020
   crosby@buckleyking.com

   Counsel for Defendants
   Buckeye Shaker Square Development Corporation
   John Hopkins

5. Brent M. Buckley, Esq.
   Buckley King – Cleveland
   1400 Fifth Third Center
   600 Superior Avenue East
   Cleveland, Ohio 44114
   O: (216) 363-1400
   F: (216) 579-1020
   buckley@buckleyking.com

   Counsel for Defendants
   Buckeye Shaker Square Development Corporation
   John Hopkins

/s/ Scott H. Schooler
GEORGE L. FORBES #0010716
SCOTT H. SCHOOLER #0016517

Counsel for Defendants
Kenneth L. Johnson
Garnell Jamison