UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRIAN COFFEY** | ) | **CASE NO. 1:18cv02675** |
| | ) | |
| *Plaintiff,* | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANTS KENNETH L.** |
| **BUCKEYE SHAKER SQUARE** | ) | **JOHNSON AND GARNELL** |
| **DEVELOPMENT CORPORATION**, *et* | ) | **JAMISON'S MOTION TO REOPEN** |
| *al.* | ) | **DISCOVERY** |
| | ) | |
| *Defendants.* | ) | |

**NOW COME** Defendants Kenneth L. Johnson and Garnell Jamison, by and through their legal counsel, Forbes, Fields & Associates Co., L.P.A., and hereby move this Honorable Court to reopen discovery.

Defendants Kenneth L. Johnson and Garnell Jamison were granted leave to file their Answer by this Honorable Court on October 29, 2019, and filed their Answer on the same day. However, the cut-off date for discovery was set for October 7, 2019, prior to Defendants Johnson and Jamison's response to the Complaint, and prior to entering a formal appearance in the case. Therefore, Defendants Johnson and Jamison were never able to participate in discovery. This Court should reopen discovery so that Defendants Johnson and Jamison are able to conduct discovery in this case.

The allowance of discovery is very important to Defendants Kenneth L. Johnson and Garnell Jamison's defense of this matter. As contained in both Johnson's and Jamison's affidavits, and as recognized within this Honorable Court's October 29, 2019 Order, said

Defendants asserted, and contend, that all class members have received their full wages, and that they (Johnson and Jamison) are not "employers" as defined under the applicable statutes. (Order, pp. 2-3.)

These are issues that go to the heart of Plaintiff's claims against them, and Johnson and Jamison assert that the discovery responses will establish that there is no merit to Plaintiff's claims. It would be unjust if Defendants Johnson and Jamison are unable to engage in discovery to defend this case, especially since such discovery will establish that Plaintiff, and the purported class members, have already received any and all funds that they would be entitled to receive for the work they performed.

It is within the Court's sound discretion whether to reopen discovery. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir., 1987). The following factors guide the Court's determination of whether discovery should be reopened: 1) whether trial is imminent; 2) whether the request is opposed; 3) whether the non-moving party would be prejudiced; 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and 6) the likelihood that the discovery will lead to relevant evidence. *Id*.

Here, trial is not imminent; the potential class has not yet been approved by the Court in this case. Further, it is likely that the Plaintiff, from their prospective, would also want discovery to be reopened now that Defendants Johnson and Jamison have filed their Answer, in order to establish Plaintiff's legal claims.

Further, the Plaintiff would not be prejudiced by discovery being reopened, because this Court has not yet heard evidence concerning any of the merits of this case, and the legitimate

2

defenses which will be asserted by Defendants Johnson and Jamison. Factor four (4), as stated above, does not apply to this case at bar, because Defendants Johnson and Jamison were just granted leave to file their Answer. They were not able to participate in discovery until this Court granted their Motion for Leave to File Answer, Instanter, which chronologically occurred only after discovery had already been closed.

It is foreseeable that additional discovery is needed because Defendants Johnson and Jamison were not able to participate in discovery before the October 7, 2019 cut-off date. Defendants Johnson and Jamison must be granted the ability to participate in discovery in order to properly defend this case. Since Defendants Johnson and Jamison have thus far been unable to participate in any discovery, whatsoever, it is highly likely that if discovery is reopened by this Court, it would lead to relevant evidence through their use of interrogatories, document requests, and depositions.

Clearly, all of the factors weigh in favor of reopening discovery. Since Defendants Johnson and Jamison were just granted leave to file their Answer, and prior to that decision, were unable to participate in discovery at all, it would be unjust to not allow them to participate in discovery, which is necessary to properly defend the claims which have been brought against them.

**WHEREFORE**, for all the foregoing reasons, Defendants Kenneth L. Johnson and Garnell Jamison, pray that their Motion to Reopen Discovery be granted.

Respectfully submitted,

**FORBES, FIELDS & ASSOCIATES CO., L.P.A.**

/s/ George L. Forbes
/s/ Scott H. Schooler
GEORGE L. FORBES #0010716
SCOTT H. SCHOOLER #0016517
700 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio 44113-1318
O: (216) 696-7170
F: (216) 696-8076
sschooler@forbes-fields.com

Counsel for Defendants
Kenneth L. Johnson
Garnell Jamison

## **CERTIFICATE OF SERVICE**

A copy of the foregoing Defendants Kenneth L. Johnson and Garnell Jamison's Motion to Reopen Discovery was served via the Court's electronic case filing system on this 7th day of November, 2019, to the following:

1. Thomas A. Downie, Esq.
   46 Chagrin Falls Plaza, Ste. 104
   Chagrin Falls, Ohio 44022
   O: (440) 973-9000
   F: (440) 210-4610
   tom@chagrinlaw.com

   Counsel for Plaintiff
   Brian Coffey

2. Scott D. Perlmuter, Esq.
   Tittle & Perlmuter
   2012 West 25th Street, Ste. 716
   Cleveland, Ohio 44113
   O: (216) 308-1522
   F: (888) 604-9299
   scott@tittlelawfirm.com

   Counsel for Plaintiff
   Brian Coffey

3. David L. Moore, Esq.
   Buckley King – Cleveland
   1400 Fifth Third Center
   600 Superior Avenue East
   Cleveland, Ohio 44114
   O: (216) 363-1400
   F: (216) 579-1020
   moore@buckleyking.com

   Counsel for Defendants
   Buckeye Shaker Square Development Corporation
   John Hopkins

4. Elizabeth A Crosby, Esq.
   Buckley King – Cleveland
   1400 Fifth Third Center
   600 Superior Avenue East
   Cleveland, Ohio 44114
   O: (216) 685-4752
   F: (216) 579-1020
   crosby@buckleyking.com

   Counsel for Defendants
   Buckeye Shaker Square Development Corporation
   John Hopkins

5. Brent M. Buckley, Esq.
   Buckley King – Cleveland
   1400 Fifth Third Center
   600 Superior Avenue East
   Cleveland, Ohio 44114
   O: (216) 363-1400
   F: (216) 579-1020
   buckley@buckleyking.com

   Counsel for Defendants
   Buckeye Shaker Square Development Corporation
   John Hopkins

/s/ George L. Forbes
/s/ Scott H. Schooler
GEORGE L. FORBES #0010716
SCOTT H. SCHOOLER #0016517

Counsel for Defendants
Kenneth L. Johnson
Garnell Jamison