UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN COFFEY | ) | CASE NO. 1:18-cv-02675 |
| On behalf of himself and all others | ) | |
| similarly situated, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BUCKEYE SHAKER SQUARE | ) | |
| DEVELOPMENT CORPORATION, | ) | |
| et al. | ) | |
| Defendants. | ) | |

**AMENDED AGREEMENT OF SETTLEMENT AND RELEASE**

This Agreement of Settlement and Release ("Settlement Agreement" or "Agreement") is entered into by Plaintiff Brian Coffey, individually and as representative of the Opt-Ins who join this Action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as well as the Settlement Class defined below, and Defendants Buckeye Shaker Square Development Corporation, John Hopkins, Kenneth Johnson, and Garnell Jamison.  This Agreement is subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, and is made for the sole purpose of consummating the settlement of these Actions on a class-wide basis subject to the following terms and conditions, and replaces and supersedes the agreement filed with the Court on July 30, 2019.  In the event the Court does not enter an order granting final approval of the Settlement, this Settlement is void and of no force whatsoever.

## I.     DEFINITIONS

1.     **Action.**  "Action" means the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Brian Coffey v. Buckeye Shaker Square Development Corporation, et al.*, Case No. 1:18-cv-026575.

2.     **Class and Collective Payments.**  "Class and Collective Payments" mean the amounts distributed to Plaintiff, Opt-Ins, and Settlement Class Members as individual settlement payments.

3.     **Costs of Administration.**  "Costs of Administration" mean the costs associated with administering the settlement.

4.     **Notice.**  "Notice" means the Notice to Potential Opt-Ins and Settlement Class Members agreed upon by counsel and approved by the Court, which is to be mailed to Potential Opt-Ins and Settlement Class Members.  The Notice will include a Consent Form enabling Potential Opt-Ins to join the Action pursuant to the FLSA, 29 U.S.C. § 216(b), by signing and returning the Consent Form during the Notice Period.

5.     **Notice Period.**  "Notice Period" means the period of fourteen days after the mailing of the Notice to Potential Opt-Ins and Settlement Class Members.

6.     **Defendants.**  "Defendants" mean the defendants in the Action, Buckeye Shaker Square Development Corporation, John Hopkins, Kenneth Johnson, and Garnell Jamison.

7.     **BSSDC Defendants.** "BSSDC Defendants" means defendants Buckeye Shaker Square Development Corporation and John Hopkins.

8.     **Effective Date.**  "Effective Date" means the date when the Court enters an order granting final approval of this settlement and entering judgment dismissing all claims against the Defendants with prejudice.

2

9.    **Opt-Ins.** "Opt-Ins" means the persons who join the Action pursuant to the FLSA, 29 U.S.C. § 216(b), by signing and returning the Consent Form during the Notice Period.

10.    **Parties.** "Parties" mean Plaintiff and Defendants, as defined above.

11.    **Plaintiff.** "Plaintiff" means Brian Coffey.

12.    **Plaintiff's Counsel.**  "Plaintiff's Counsel" means Scott D. Perlmutter and Thomas A. Downie.

13.    **Potential Opt-Ins.** "Potential Opt-Ins" means all hourly, non-exempt employees of Buckeye Shaker Square Development Corporation during July or August 2018.

14.    **Settlement.** "Settlement" means the settlement of the Action under the terms and conditions set forth in this Settlement Agreement.

15.    **Settlement Class.**  The "Settlement Class" consists of all hourly, non-exempt employees of Buckeye Shaker Square Development Corporation during July or August 2018.

16.    **Settlement Class Members.** "Settlement Class Members" shall mean all members of the Settlement Class.

**II.    RECITALS**

17.    This Settlement resolves bona fide disputes involving wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, and corresponding provisions of Ohio wage-and-hour law, as well as claims under the Ohio Fraudulent Transfer Act, Ohio Rev. Code Ann. §§ 1336.01, et seq.

18.    The parties are represented by experienced counsel.  Extensive investigation was conducted on both sides and settlement negotiations were rigorous.  The parties believe the resulting agreement appropriately balances the expenses, risks, and possible outcomes of protracted litigation on the merits.  For the Plaintiff, Opt-Ins, and Settlement Class Members,

3

the proposed settlement will eliminate the risk and delay of litigation and make substantial payments available to all.

19.     Therefore, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims specified herein, except with respect to enforcement of this Agreement, as follows:

### III.     APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

20.     **Fair, Adequate, and Reasonable Settlement.**     The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

21.     **Cooperation.**  The Parties agree to cooperate and take all steps necessary to accomplish and implement the terms of this Settlement Agreement.

22.     **Joint Motion for Approval of Settlement.**  Within one week after the execution of this Agreement, the Parties will jointly move the Court to (a) conditionally certify this Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), (b) certify the proposed Settlement Class pursuant to Fed. R. Civ. P. 23, (c) preliminarily approve the settlement of FLSA claims for Potential Opt-Ins who join this Action pursuant to § 216(b) and the proposed settlement of Settlement Class Members' state-law wage-and-hour claims and fraudulent transfer claims pursuant to Rule 23(e), and (d) approve a Proposed Notice to Potential Opt-Ins and Settlement Class Members.

23.     **Preliminary and Final Orders.**  The Joint Motion will ask the Court to enter a Proposed Preliminary Approval Order granting the above matters and directing the dissemination of the Notice.  At the conclusion of the Notice Period, the parties will submit a

Proposed Final Order granting final approval of the settlement and entering final judgment dismissing all claims against the Defendants with prejudice.

### IV.    SETTLEMENT PAYMENTS

24.    **Settlement Amounts.**  BSSDC Defendants will pay the Settlement Amount of Seventeen Thousand Five-Hundred Dollars ($17,500). Three Thousand, Seven Hundred and Fifty Dollars ($3,750) of such Settlement Amount is being provided by the BSSDC Defendants to settle any and all claims brought against Garnell Jamison. Defendant Kenneth Johnson will pay the Settlement Amount of One Thousand Five Hundred Dollars ($1,500). Defendants' respective settlement payments each constitutes adequate consideration for the Settlement of the claims against that Defendant and will be paid in full and final settlement of all claims.

25.    **Collective and Class Payments.**  The Total Settlement Amount, after deduction of the Service Award, Attorneys' Fees, and Reimbursed Litigation Expenses, will constitute the Net Proceeds of the Settlement.  The Net Proceeds will be made available to the Plaintiff, Opt-Ins, and Settlement Class Members in individual settlement payments as provided below.

26.    **Method of Allocation.**  Two-thirds of the Net Proceeds will be paid to all Settlement Class Members in settlement of their state-law claims under Ohio's wage-and-hour laws, Fraudulent Transfer Act, and common law.  The remaining one-third of the Net Proceeds will be paid to Plaintiff and the Opt-Ins in settlement of their FLSA claims.  The Plaintiff and Opt-Ins are also Settlement Class Members and therefore eligible for payments in each group.

27.    **Plaintiff's Service Award.**  From the Total Settlement Amount, Plaintiff Brian Coffey will receive a service award of $750 in recognition of his assistance to Plaintiff's Counsel and his vital contribution to achieving the Settlement on behalf of all Settlement Class Members.

28.    **Attorneys' Fees and Reimbursed Litigation Expenses.**  From the Total Settlement Amount, Plaintiff's Counsel will receive $2,000 for attorneys' fees and reimbursement of litigation costs.

29.    **Tax Treatment of Class and Collective Payments and Service Award.**  After the filing of the Action, Defendant Buckeye Shaker Square Development Corporation paid Plaintiff and other Settlement Class Members the amounts they were owed in unpaid base-rate wages during July and August 2018.  The additional amounts to be paid to the Plaintiff, Opt-Ins, and Settlement Class Members under this Agreement will be treated as non-wage income and reported to appropriate taxing authorities on Forms 1099. The Plaintiff, Opt-Ins, and Settlement Class Members shall be solely responsible for their income tax liabilities arising from their receipt of such payments.

## V.    SETTLEMENT ADMINISTRATION

30.    BSSDC Defendants will issue checks to Plaintiff, Opt-Ins, and Settlement Class Members and bear all associated costs.  Plaintiff's Counsel will assist in calculating and approve the amounts of the checks.

31.    **Roster of Potential Opt-ins and Settlement Class Members.**  Within one week after the filing of the Joint Motion, Defendant Buckeye Shaker Square Development Corporation will provide a Roster to Plaintiff's Counsel listing the name and last known address of all Potential Opt-Ins and Settlement Class Members as defined herein.

32.    **Mailing of Notice.**  Upon the entry of the Preliminary Approval Order, Plaintiff's Counsel will send the Notice and accompanying Consent Form to Potential Opt-Ins and Settlement Class Members by First-Class United States mail at the addresses listed in the Roster.

33.     **Deadline for Consent Forms and Requests for Exclusion.**  The deadline for Potential Opt-Ins to return signed Consent Forms and for Settlement Class Members to request exclusion from the Settlement Class will be fourteen days after the date of mailing of the Notice. Consent Forms and requests for exclusion will be deemed timely if they are signed and postmarked on or before the deadline.  Consent Forms and requests for exclusion will be filed with the Court with the Proposed Final Order.

34.     **Distribution of Settlement Proceeds.**  Defendants will distribute the Class and Collective Payments, Service Award, and attorneys' fees and reimbursed litigation expenses within one week after the Effective Date.

35.     **Non-Cashed Settlement Checks**.  Settlement checks that remain undeliverable or uncashed 90 days after the Effective Date shall be void and the funds shall be reallocated to the Plaintiff, Opt-Ins, and Settlement Class Members who have cashed their checks.

### VI.     RELEASE OF CLAIMS

36.     **Claims Released by Plaintiff.**  Plaintiff hereby releases and forever discharges Defendants and their respective parents, subsidiaries, directors, officers, employees, affiliates, and insurers from any and all claims under federal and state law, including but not limited to the FLSA, 29 U.S.C. §§ 201-219, the Ohio Constitution art. II, § 34a, the Ohio Fraudulent Transfer Act, Ohio Rev. Code Ann. § 1336.01, et seq., and Ohio common law.

37.     **Claims Released by Opt-Ins.**  Opt-Ins release and forever discharge Defendants and their respective parents, subsidiaries, directors, officers, employees, affiliates, and insurers from any and all claims under federal and state law, including but not limited to the FLSA, 29 U.S.C. §§ 201-219, the Ohio Constitution art. II, § 34a, the Ohio Fraudulent Transfer Act, Ohio Rev. Code Ann. § 1336.01, et seq., and Ohio common law.

38. **Claims Released by Settlement Class Members**.  Settlement Class Members release and forever discharge Defendants and their respective parents, subsidiaries, directors, officers, employees, affiliates, and insurers from any and all claims under state law, including but not limited to the Ohio Constitution art. II, § 34a, the Ohio Fraudulent Transfer Act, Ohio Rev. Code Ann. § 1336.01, et seq., and Ohio common law.

39. The releases become effective on the Effective Date.

**VII.**  **GENERAL PROVISIONS**

40. **Court Approval.**  This Agreement is conditioned upon approval by the Court.  If the Court denies preliminary or final approval, the Action will resume as it existed prior to the execution of this Agreement.

41. **No Admission.**  Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants expressly deny any such liability.  Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

42. **Construction.**  The Settlement shall be governed by and construed in accordance with the laws of the State of Ohio.  The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement Agreement.

43. **Modification.**  This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court.

44.    **Integration.**  This Settlement Agreement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement Agreement.  No rights under this Settlement Agreement may be waived except in writing signed by the Parties.

45.    **Assigns.**  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

46.    **Counterparts.**  This Settlement Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

47.    **Jurisdiction.**  The parties request that the Court retain jurisdiction to enforce the terms of the Settlement and this Settlement Agreement.

IN WITNESS WHEREOF, the parties have signed this Agreement on the dates set forth with their signatures.

**BY PLAINTIFF:**

_____                    _____
Date                                        BRIAN COFFEY

                                            s/ Scott D. Perlmutter
                                            Scott D. Perlmutter (0082856)
                                            2012 West 25th Street, Suite 716
                                            Cleveland, OH  44113
                                            216-308-1522
                                            Fax: 888-604-9299
                                            scott@tittlelawfirm.com

                                             s/ Thomas A. Downie
                                            Thomas A. Downie (0033119)
                                            46 Chagrin Falls Plaza #104
                                            Chagrin Falls, Ohio 44022
                                            440-973-9000
                                            tom@chagrinlaw.com

                                            Attorneys for Plaintiff

                                            —and—

**BY BSSDC DEFENDANTS:**

_____          _____

Date                              JOHN HOPKINS

                                  BUCKEYE SHAKER SQUARE
                                  DEVELOPMENT CORPORATION

                                  By:

_____          _____

Date

                                  s/ Elizabeth A. Crosby
                                  BRENT BUCKLEY (0017010)
                                  ELIZABETH A. CROSBY (0041433)
                                  DAVID L. MOORE (0087253)
                                  BUCKLEY KING LPA
                                  1400 Fifth Third Center
                                  600 Superior Avenue, East
                                  Cleveland OH 44114-2652
                                  P: (216) 363-1400; Fax: (216) 579-1020
                                  buckley@buckleyking.com
                                  crosby@buckleyking.com
                                  moore@buckleyking.com

                                  *Attorneys for Defendants John Hopkins and*
                                  *and Buckeye Shaker Square Development*
                                  *Corporation*

                                  —and—

**BY KENNETH JOHNSON:**

_____                    _____

Date                                KENNETH JOHNSON


**BY GARNELL JAMISON:**

_____                    _____

Date                                GARNELL JAMISON


s/ Scott H. Schooler
SCOTT H. SCHOOLER (0016517)
GEORGE L. FORBES (0010716)
FORBES, FIELDS & ASSOCIATES CO. L.P.A.
700 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio, 44113
Telephone: 216-696-7170
Fax: 216-696-8076

Attorneys for Defendants Garnell Jamison
and Kenneth Johnson