UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN COFFEY<br>On behalf of himself and all others<br>similarly situated, | )<br>)<br>)<br>) | CASE NO. 1:18-cv-02675<br><br>JUDGE CHRISTOPHER A. BOYKO |
| Plaintiff,<br>v. | )<br>)<br>)<br>) | |
| BUCKEYE SHAKER SQUARE<br>DEVELOPMENT CORPORATION,<br>et al.<br>Defendants. | )<br>)<br>)<br>)<br>) | **[AMENDED PROPOSED]**<br>**ORDER GRANTING**<br>**PRELIMINARY APPROVAL OF**<br>**CLASS AND COLLECTIVE**<br>**ACTION SETTLEMENT** |

Plaintiff Brian Coffey and Defendants Buckeye Shaker Square Development

Corporation, John Hopkins, Kenneth Johnson, and Garnell Jamison have jointly moved

the Court to conditionally certify this case as a collective action pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), certify a proposed Settlement Class

pursuant Fed. R. Civ. P. 23, preliminarily approve the proposed settlement of FLSA

claims for potential opt-in plaintiffs who join the case pursuant to § 216(b) and the

proposed settlement of Settlement Class Members' state-law claims pursuant to Rule

23(e), approve notice to Potential Opt-Ins and Settlement Class Members, and schedule

an Fairness Hearing.  Having reviewed the Amended Agreement of Settlement and

Release ("Agreement"), the parties' motion and exhibits, and the pleadings and papers

filed in this Action, and for good cause therein established, the Court grants the joint

motion as follows:

1.      Plaintiff Coffey filed a Class and Collective Action Complaint against

Defendants (ECF #1) on November 18, 2018.  Plaintiff alleged that he and other

employees were not paid for the grass-cutting, cleanup work, and other manual tasks they performed for Buckeye Shaker Square Development Corporation during July and August 2018, and that funds that would have been available were transferred in violation of the Ohio Fraudulent Transfer Act.  Defendants denied those claims.  *See* Answer (ECF #7, 29).

2.     The parties engaged in an extensive exchange of payroll records and other evidentiary documents at the direction of the Court.  Damages were analyzed by both sides and estimates were exchanged.

3.     Settlement negotiations were initiated under the supervision of the Court and an in-court settlement conference was scheduled for June 12, 2018.  At that conference, Plaintiff and Defendants Buckeye Shaker Square Development Corporation and John Hopkins reached an agreement ofsettlement.  Subsequently that agreement was revised to include all Defendants.

4.     Settlement negotiations were rigorous and influenced by the parties' respective assessment of the likelihood of obtaining and collecting a judgment against Buckeye Shaker Square Development Corporation if the litigation were to proceed.  The parties have informed the Court that they believe the resulting agreement appropriately balances the expenses, risks, and possible outcomes of protracted litigation.  For the Plaintiff, Opt-Ins, and Settlement Class Members, the proposed settlement will eliminate the risk and delay of litigation and make substantial payments available to all.

5.     On January 23, 2020, the parties filed their Amended Joint Motion for Approval of Settlement (ECF #34).

6.    The Settlement resolves disputed claims between the parties in two ways. One, the settlement will resolve the FLSA claims of Plaintiff Coffey and similarly-situated employees who opt-in to the case pursuant to 29 U.S.C. § 216(b).  Second, the settlement will resolve state-law wage-and-hour and fraudulent transfer claims of all members of the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(e).

7.    The Settlement makes fair and reasonable settlement payments available to the Plaintiff, Opt-Ins, and Settlement Class Members.  The proposed method of allocating the net settlement proceeds—two-thirds to all Settlement Class Members in settlement of their state-law wage-and-hour and fraudulent transfer claims and one-third to Plaintiff and the Opt-Ins who join the case under 29 U.S.C. § 216(b)—is reasonable and fair to all.

8.    As to the Plaintiff and Opt-Ins, the Court finds that the proposed Settlement satisfies the standard for approval of an FLSA collective action settlement under 29 U.S.C. § 216(b).  There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and that the Settlement "is fair, reasonable, and adequate."  *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012).

9.    As to the proposed Settlement Class, the Court makes a two-fold determination.

10.    The Court finds that the Settlement Class satisfies "the four prerequisites of Rule 23(a)"—numerosity, commonality, typicality, and adequate representation—

and "meet[s] at least one of the three requirements listed in Rule 23(b)."  *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F. 3d 838, 850 (6th Cir. 2013).

11.     The Settlement Class consists of "all hourly, non-exempt employees of Buckeye Shaker Square Development Corporation during July or August 2018." Plaintiff's Complaint alleged that alleged that he and other employees were not paid for the grass-cutting, cleanup work, and other manual tasks they performed for Buckeye Shaker Square Development Corporation during July and August 2018, and that funds that would have been available were transferred in violation of the Ohio Fraudulent Transfer Act.  Complaint at ¶¶ 19-21, 51-53, and 62-74.  All members of the Settlement Class, including Plaintiff, have those claims, and adjudicating them on a classwide basis would "generate common answers that are likely to drive resolution of the lawsuit." *Arlington Video Productions, Inc. v. Fifth Third Bancorp*, 2013 WL 560635, at *14 (6th Cir. Feb. 14, 2013).  These common questions predominate "over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).

12.     Plaintiff Coffey has aggressively pursued the interests of Class Members, and his counsel have extensive experience in class action litigation including wage-and-hour cases.  *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012) (class representatives "must have common interests with unnamed members" and "it must appear that [they] will vigorously prosecute the interests of the class through qualified counsel") (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996) (citation omitted)).

13.     The present case is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Members of the Settlement Class "are not likely to file individual actions" because "the cost of litigation would dwarf any potential recovery." *In re Whirlpool*, 722 F.3d at 861 (citing *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 133 S. Ct. 1184, 1202 (2013); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997)).

14.     The Court certifies the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Court approves Plaintiff Coffey as class representatives and appoints Plaintiff's counsel as class counsel.

15.     The Court further finds that the proposed settlement for members of the Settlement Class qualifies for preliminary approval pursuant to Fed. R. Civ. P. 23(e) on the basis that it is "fair, reasonable, and adequate" to all participants.

16.     The Proposed Notice to Potential Opt-Ins and Settlement Class Members satisfies the requirements of Fed. R. Civ. P. 23(c)(2). The Court approves the Notice and orders that it be distributed to Potential Opt-Ins and Settlement Class Members by first-class United States mail to their last-known addresses as shown in Defendants' records.

17.     The Fairness Hearing will be held on _____.

18.     Prior to the Fairness Hearing, Plaintiff's Counsel shall file a declaration verifying that the Notice was distributed to the Settlement Class members as prescribed.

IT IS SO ORDERED:

_____
United States District Judge