UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN COFFEY ) | CASE NO. 1:18-cv-02675 |
| On behalf of himself and all others ) | |
| similarly situated, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| BUCKEYE SHAKER SQUARE ) | |
| DEVELOPMENT CORPORATION, ) | **FINAL ORDER AND JUDGMENT** |
| et al. ) | |
| Defendants. ) | |

Plaintiff Brian Coffey and Defendants Buckeye Shaker Square Development Corporation, John Hopkins, Kenneth Johnson, and Garnell Jamison have jointly moved the Court to approve a settlement of this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Fed. R. Civ. P. 23  Having reviewed the Settlement Agreement and its Exhibits, as well as the pleadings and papers filed in this Action, and for good cause established therein, the Court enters this Final Order and Judgment approving the Settlement as follows:

1. Plaintiff Coffey filed a Class and Collective Action Complaint against Defendants (ECF #1) on November 18, 2018.  Plaintiff alleged that he and other employees were not paid for the grass-cutting, cleanup work, and other manual tasks they performed for Buckeye Shaker Square Development Corporation during July and August 2018, and that funds that would have been available were transferred in violation of the Ohio Fraudulent Transfer Act.  Defendants denied those claims.  *See* Answer (ECF #7, 29).

2. The parties engaged in an extensive exchange of payroll records and other evidentiary documents at the direction of the Court.  Damages were analyzed by both sides and estimates were exchanged.

1

3. Settlement negotiations were initiated under the supervision of the Court and an in-court settlement conference was scheduled for June 12, 2018. At that conference, Plaintiff and Defendants Buckeye Shaker Square Development Corporation and John Hopkins reached an agreement of settlement. Subsequently that agreement was revised to include all Defendants.

4. Settlement negotiations were rigorous and influenced by the parties' respective assessment of the likelihood of obtaining and collecting a judgment against Buckeye Shaker Square Development Corporation if the litigation were to proceed. The parties informed the Court that they believed the resulting agreement appropriately balances the expenses, risks, and possible outcomes of protracted litigation. For the Plaintiff, Opt-Ins, and Settlement Class Members, the proposed settlement will eliminate the risk and delay of litigation and make substantial payments available to all.

5. On June 21, 2019, a Joint Motion for Approval of Class and Collective Action Settlement was filed (ECF #18).

6. On January 23, 2020, the parties filed their Amended Joint Motion for Preliminary Approval of Class and Collective Action Settlement (ECF #34). The Amended Motion sought approval of a settlement covering all Defendants.

7. On February 14, 2020, the Court ordered the parties to file a fully-executed Settlement Agreement, as well as an amended Notice of Class and Collective Action Settlement extending the time for return of Consent Forms.

8. The amended Notice of Class and Collective Action Settlement and fully-executed Settlement Agreement were filed on February 20 and March 4, 2020, respectively (ECF ##36 and 38-1).

9. On March 23, 2020, the Court granted preliminary approval of the class and collective action settlement (ECF #39). The Court's order certified the proposed Settlement

Class pursuant to Fed. R. Civ. P. 23, approved notice to Potential Opt-Ins and Settlement Class Members, and scheduled a Fairness Hearing.

10. Subsequently the Fairness Hearing was rescheduled for August 6, 2020 ECF #42).

11. On July 6, 2020, Plaintiff filed signed Consent forms for Plaintiff Brian Coffey and seventeen Opt-Ins (ECF # 43 and 43-1).

12. On July 30, 2020, Plaintiff filed a Declaration of Plaintiff's Counsel Regarding Notice and Response ECF # 44 and 44-1).  The Declaration certified that the Notice of Class and Collective Action Settlement was distributed to the Settlement Class Members as prescribed. The Declaration further informed the Court that no Settlement Class Member has filed an objection, request to appear, or request for exclusion, or submitted one to Plaintiff's Counsel.

13. The Court convened the Fairness Hearing on August 6, 2020.  In accordance with General Order 2020-05, paragraph 5, providing that "judges will conduct civil pretrial proceedings by telephone or video conferencing where practicable," the Fairness Hearing was conducted telephonically.

14. The Settlement resolves disputed claims between the parties in two ways.  One, the settlement resolves the FLSA claims of Plaintiff Coffey and similarly-situated employees who opt-in to the case pursuant to 29 U.S.C. § 216(b).  Second, the settlement will resolve state-law wage-and-hour and fraudulent transfer claims of all members of the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(e).

15. The Settlement makes fair and reasonable settlement payments available to the Plaintiff, Opt-Ins, and Settlement Class Members.  Second Amended Settlement Agreement (ECF #38-1) at ¶ 25-26.  The proposed method of allocating the net settlement proceeds—two-thirds to all Settlement Class Members in settlement of their state-law wage-and-hour and

fraudulent transfer claims and one-third to Plaintiff and the Opt-Ins who join the case under 29 U.S.C. § 216(b)—is reasonable and fair to all.

16. As to the Plaintiff and Opt-Ins, the Court finds that the proposed Settlement satisfies the standard for approval of an FLSA collective action settlement under 29 U.S.C. § 216(b). There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and that the Settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012).

17. As to the Settlement Class, the Court finds that Settlement is fair, reasonable, and adequate to Settlement Class Members and qualifies for final approval pursuant to Fed. R. Civ. P. 23(e).

18. The Court finds that Notice given to Settlement Class Members was reasonable and the best notice practicable, satisfying the requirements of Civ. R. 23(e) and due process. No Settlement Class Member has objected to the Settlement or requested exclusion from the Class.

19. The Court approves the Settlement pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(e). The Court orders that it be implemented according to its terms and conditions and as directed herein.

20. The Court finds that the Total Settlement Amount and the proposed distributions to the Plaintiff, Opt-Ins, and Settlement Class Members are fair and reasonable. Second Amended Settlement Agreement (ECF #38-1) at ¶¶ 24-26. The Court approves the distributions and orders that they be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

21. The Court approves the proposed service award to Plaintiff Coffey, *id*. at ¶ 27, and orders that the payment be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

22. The Court approves the proposed attorneys' fees and litigation costs provided in the Settlement Agreement, *id*. at ¶ 28, and orders that payment be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

23. The Court dismisses this case with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

24. As requested by the Parties in the Settlement Agreement, the Court retains jurisdiction to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

**SO ORDERED:**

8/28/2020
Date

s/Christopher A. Boyko
United States District Judge